UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHIRLPOOL CORPORATION,

    Plaintiff,                                           Hon. Janet T. Neff

v.                                                    Case No. 1:11-cv-00814

W.A.B. ENTERPRISES, INC.,
d/b/a Messina Appliance Service,
ANNETTE M. RAMSEY,
f/k/a Annette M. Biles, and
ROBERT D. RAMSEY, SR.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Application for Entry of Default Judgment and Award of Attorney Fees (Dkt. 12), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). Hearing on the motion was held on February 13, 2012 at 11:00 a.m. Despite the Court waiting for a significant period of time, defendants did not appear; nor did they contact the court.

Pursuant to Fed. R. Civ. P. 55(b)(2) plaintiff moves for a default judgment against all of the defendants, as well as attorney fees and costs, and the post-judgment interest under M.C.L. § 600.60134 applicable to such a judgment. For the following reasons, the court recommends that plaintiff's motion be granted, as modified, and that judgment be granted in the amount requested against the individual defendants and in the amount of $117,957.01 against W.A.B. Enterprises,

Inc. D/b/a/ Messina Appliance Service. The undersigned further recommends that the proposed Amended Order of Default Judgment (Dkt 19) be entered by the court.

Whirlpool Corporation ("Whirlpool") commenced this action on August 5, 2011. Whirlpool's complaint alleges that it often enters into agreements ("Service Agreements") with third-party service companies, which (as independent contractors) are the exclusive providers of service and repair under the warranty, in order to efficiently provide service and repair pursuant to various warranties ("the warranty"). These companies are referred to here as Independent Service Contractors ("ISC" or "ISCs"). Complaint (Dkt 1) at ¶11. Messina Appliance ("Messina") is a former ISC of Whirlpool, and defendants participated in and/or benefitted from reports by Messina to Whirlpool representing that Messina had completed certain service or repair on Whirlpool's behalf, when no such service or repair had been completed. Complaint (Dkt 1) at ¶12.

Whirlpool alleges that defendants issued falsified reports by interstate mail or wire and received payment on them. Complaint (Dkt 1) at ¶13. Whirlpool allegedly has determined that defendants have submitted in excess of 1,513 such falsified and fraudulent reports as an ISC. Complaint (Dkt 1) at ¶14. Whirlpool states that defendants were paid at least $161,505.88 because of such falsified and fraudulent reports. Complaint (Dkt 1) at ¶15. Whirlpool sues defendants for:

Count I - Fraud;

Count II - Innocent Misrepresentation;

Count III - Conversion;

Count IV - Statutory Conversion Under M.C.L. § 600.2919a

      Count V - Civil RICO Claim Pursuant to 18 U.S.C. § 1962(c) (Against Individual Defendants Only);

      Count VI - Civil Conspiracy and Concert of Action;

      Count VII - Breach of Contract; and

      Count VII - Unjust Enrichment.

      It is alleged that the individual defendants, Robert D. Ramsey, Sr. and Annette M. Ramsey, are shareholders and owners of Messina. Complaint (Dkt 1) at ¶6.  Robert D. Ramsey, Sr. was personally served with the summons and complaint on September 8, 2011 (Dkt. 5). Service was made on Messina and Annette M. Ramsey on September 25, 2011, by personally serving Annette M. Ramsey in her individual capacity and as the President and Secretary of W.A.B. Enterprises, Inc., d/b/a Messina Appliance (Dkt. 4 and Dkt. 6).  Service on each of the defendants was obtained at the current residence of Mr. and Ms. Ramsey, 1104 Norwalk Road, Philadelphia, PA 19115, which is also the address of the principal place of business for Messina. None of the defendants has filed an answer or other responsive pleading in this matter as of the date of this Report and Recommendation.  On October 21, 2011, the Clerk of the Court entered default against each of the defendants under Fed. R. Civ. P. 55(a) for failure to plead or otherwise defend as required.

      Whirlpool now seeks a money judgment under Fed. R. Civ. P. 55(b)(2).  Whirlpool and Messina were parties to contracts under which Mr. and Ms. Ramsey, acting by and through Messina, provided warranty service and repair for Whirlpool appliances located within a designated service territory.  Copies of those contracts are attached as Exhibit A to the complaint (Dkt. 1).  In order to receive payment for the warranty service and repair work, defendants had to

report the details of each warranty service and repair job completed on behalf of Whirlpool.

As set forth in Exhibit A to plaintiff's application for default judgment (Dkt. 13), the affidavit of Kenneth Tyson[1], a Service Network Senior Analyst at Whirlpool, Whirlpool determined that Mr. and Ms. Ramsey had falsified information in (at least) 1,513 of the 2808 warranty service and repair reports audited by Whirlpool, thereby making all of those reported service jobs not payable by Whirlpool. Relying of the falsified reports, Whirlpool paid to Mr. and Mrs. Ramsey, by and through payments to Messina, $107,706.76 for those 1,513 claims. Whirlpool had no knowledge as to the falsity of those claims at the time Whirlpool paid each of those claims. As a result, Whirlpool has actual damages in the amount of $107,076.76.

Plaintiff alleges that the individual defendants' acts also constitute a civil RICO violation, the proofs of which are set forth in the complaint (Dkt. 1) and, pursuant to 18 U.S.C. § 1964(c) (under RICO), Whirlpool is entitled to trebled actual damages and its attorney fees and costs incurred in having to bring the action against the individual defendants. When trebled, the amount the individual defendants are liable to Whirlpool becomes $321,230.28.

As attested in the affidavit of Whirlpool's attorney, Lance R. Zoerhof, attached to plaintiff's motion for default judgment (Dkt. 13) as Exhibit B, the addition of attorney fees and costs actually incurred in having to bring and pursue the action increases the individual defendants' liability to $332,110.58 and Messina's liability to $117,957.01.

Based on the above, the undersigned reports that plaintiff has fulfilled the requirements of

---

[1] Kenneth Tyson also testified under oath consistently with his affidavit at the hearing on Plaintiff's Motion (Dkt. 15).

Fed. R. Civ. P. 55 and recommends that the Court enter the proposed Amended Order of Default Judgment (Dkt 19) filed by Plaintiff.

                                                    Respectfully submitted,

Date: March 20, 2012                           /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge

      OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).